Sheridan Lee LEACHMAN, Appellant,

v.

Bernard D. LEACHMAN, Jr., Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1971.

Rehearing Denied June 25, 1971.

John A. McCrea, B. Carlton Neat, III, Louisville, for appellant.

William Clements, Louisville, for appellee.

PALMORE, Judge.

Sheridan Lee Leachman and Bernard D. Leachman, Jr., the parties to this child-support controversy, were married in 1959 and divorced in 1966. They have two children, a boy and a girl who at the time of the hearing in February of 1970 were eight and five years of age, respectively. Mrs. Leachman appeals from an order overruling her motion for an increase in the monthly amount Mr. Leachman is required to pay for the support of the children, both of whom are in her custody.

The judgment of divorce incorporated an agreement in which the parties settled their property rights and the matter of custody and support of the children, Mrs. Leachman waiving any right to alimony. They jointly owned a residence and agreed it was to be sold upon the satisfaction of a subsisting mortgage or upon Mrs. Leachman's remarriage, the proceeds to be divided one-third to her and two-thirds to him. Meanwhile, she was to retain possession of it and he was to continue the mortgage payments, pay the utility bills, keep the insurance in force, and maintain the property in a reasonable state of repair. Mrs. Leachman was given custody of the children and Mr. Leachman agreed to keep up their medical insurance coverage, pay their usual medical and dental bills, and pay $310 per month for support of the children until further order of the court. The agreement contained the following paragraph:

"This agreement is based upon Defendant's gross income of $13,000.00 per year and the Defendant further agrees that his gross income must drop at least Twenty (20%) percent during one calender year before the terms mentioned in

this contract are subject to re-negotiation as a change in conditions."

The current proceeding apparently began with a motion by Mrs. Leachman to require Mr. Leachman to live up to the agreement in regard to certain medical bills and the repair and maintenance of the house, and then broadened into a motion for increased support payments as well. The evidence was heard by a commissioner, who filed his report but did not include a transcript of the testimony. Presumably no transcript was made, since the entire record has been designated for the appeal record and we do not find one except for two exhibits containing handwritten calculations of Mr. Leachman's current expenses. Nonetheless, since both parties filed exceptions to the commissioner's report but neither of them questioned any of its factual recitations, we suppose it is safe to assume that the report accurately reflects the evidence. What was later said by the parties and their respective counsel before the bench during arguments on the exceptions was not made and therefore is not a part of the record and will not be considered in our review of the judgment. Nor may we, of course, consider the apocryphal information imparted by the appellee's brief.

The information recited in the commissioner's report includes the following:

1. Mrs. Leachman testified that her expenses for the two children alone now amount to $374 per month.

2. Mr. Leachman testified that his gross income in 1967 was $16,958 and in 1968 was $19,388. He did not give a complete figure for 1969. He has remarried.

3. "The evidence showed that one child is now in school and that the expenses for the support and maintenance of the children had increased. In addition, the defendant has had a substantial increase in income amounting to approximately a 45% increase in 1968 over his income at the time the agreement was entered into.

However, the maintenance on the home, insurance premiums and other obligations that he is bound to perform under the Agreement would have increased since the Agreement was entered into as well as income taxes."

4. Testimony was introduced showing that a contract for sale of the home had been entered into, but since it had not been consummated and no date had been set for closing the transaction the commissioner declined to consider it.

The commissioner recommended that the child-support payments be increased to $360 per month and that Mr. Leachman be ordered to pay the bills for medical expenses and house maintenance as required by the agreement. Mr. Leachman excepted because the recommended increase was too much, and Mrs. Leachman excepted because it was too little. The chancellor overruled her exceptions and sustained his, denying any relief whatever.

The judgment recites that "both parties appearing in person and by counsel and the matter having been heard and according to statements of counsel and the record filed before the Commissioner the Defendant is now paying approximately twenty-five percent of an income based on $25,000.00 per year for the maintenance of these children. * * * This case probably arose because of the failure to convey the property owned by the parties, which conveyance was provided for in the Agreement * * * and contemplated a division of the proceeds of the sale. It would appear to the court that in the absence of a sale of the property and a division of the proceeds *an economic disaster would be required to necessitate a change in the maintenance."* (Emphasis ours.)

██ We have no difficulty in rejecting Mrs. Leachman's contention that because the child-support payments called for by the 1966 agreement were set with reference to Mr. Leachman's current gross income of $13,000 per annum they should

now be increased in the same ratio as his gross income has increased. After all, his obligation is to support them in the manner and style to which they are accustomed, but not to divide his earnings with them in the manner of a partnership. On the other hand, it is a matter of common knowledge and we may therefore judicially recognize that the necessary expenses of maintaining children usually increase when they reach school age. When this case was decided in the trial court one of the children was already in school and the other was of the age to go the next school year. There is no suggestion that Mrs. Leachman's testimony to the effect that her expenses in maintaining them had increased to $374 per month was not accurate. Mr. Leachman's case really amounts to an argument that whatever may be their mother's cost of feeding and clothing them, his costs also have risen. No doubt that is true, but the welfare of the children comes first, and it seems obvious to us that the increase of 45% or more in his income should accommodate a reasonable increase in what he is required to pay for the food, clothing and other needs of the children.

There may be more to this case than meets the eye, but we must decide on what we are able to see in the record. We respectfully disagree with the chancellor's observation, perhaps expressed in haste, that only a financial catastrophe would warrant a change in the amount of support payments to the children. It is our opinion that the evidence disclosed by the commissioner's report required a reasonable increase, which may be determined by the trial court upon remand and reconsideration of the case in the perspective of this opinion, including the hearing of such further evidence as may be deemed necessary or appropriate.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.